******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

LYNNETTE RICHARDSON, ADMINISTRATRIX
(ESTATE OF J'ALLEN JONES), ET AL. *v.*
SCOTT SEMPLE ET AL.
(AC 48427)

Cradle, C. J., and Alvord and Seeley, Js.

*Syllabus*

The proposed intervenor, A Co., appealed from the trial court's judgment denying its motion to intervene in the underlying action for the limited purpose of litigating the issue of whether a certain video recording filed as an exhibit to the defendants' memorandum of law in support of their motion for summary judgment should be sealed pursuant to our rule of practice (§ 11-20A) governing the disclosure of court filings to the public. A Co. claimed that it had a specific, personal and legal interest in the issue of whether the video recording may be lawfully sealed. *Held*:

The trial court's denial of A Co.'s motion to intervene was not a final judgment for purposes of this appeal, as A Co. failed to make a colorable claim of intervention as of right; accordingly, this court dismissed the appeal.

Argued October 6—officially released December 9, 2025

*Procedural History*

Action to recover damages for, inter alia, alleged violations of the civil rights of the plaintiffs' decedent, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Noble, J.*, granted the motion to dismiss all claims as to the named defendant et al.; thereafter, the court, *Baio, J.*, denied the motion to intervene filed by the American Civil Liberties Union Foundation of Connecticut, and the American Civil Liberties Union Foundation of Connecticut appealed to this court. *Appeal dismissed.*

*Jaclyn Blickley*, with whom were *Dan Barrett* and, on the brief, *Elana Bildner*, for the appellant (proposed intervenor).

*Terrence M. O'Neill*, assistant attorney general, with whom were *James Belforti*, assistant attorney general, and, on the brief, *William Tong*, attorney general, for the appellees (defendant Anthony Kacpryzski et al.).

*Opinion*

CRADLE, C. J. The American Civil Liberties Union Foundation of Connecticut (ACLU) appeals from the judgment of the trial court denying its motion to intervene in this action for the limited purpose of litigating the issue of whether a certain video recording filed as an exhibit to a memorandum of law in support of a motion for summary judgment filed by the defendants, various employees of the Department of Correction (DOC),[1] should be sealed pursuant to Practice Book § 11-20A.[2] We conclude that the ACLU does not have a colorable claim of intervention as of right and, therefore, is not appealing from a final judgment. Accordingly, we dismiss the appeal for lack of subject matter jurisdiction.

The following procedural history is relevant to this appeal. In August, 2018, the plaintiffs, Lynnette Richardson, the administratrix of the estate of J'Allen Jones (decedent), and Jessica Jones, the mother of the decedent, brought this action pursuant to 42 U.S.C § 1983,

[1] This action initially was brought against Scott Semple, the former Commissioner of Correction, as well as Anthony Corcella, Warden of Garner Correctional Institution, and various correctional officers and medical unit employees of Garner Correctional Institution. Dr. Susannah Tung, a psychiatrist, and Warden Denise Dilworth later were cited in as party defendants. On March 18, 2021, the court, *Noble, J.*, dismissed the claims against Semple and Dilworth. The plaintiffs later withdrew their action as to Corcella, Tung and a correctional officer identified only as "Ryan."

[2] Practice Book § 11-20A provides in relevant part that, "(a) [e]xcept as otherwise provided by law, there shall be a presumption that documents filed with the court shall be available to the public," that "(b) . . . the judicial authority shall not order that any files, affidavits, documents, or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited," and that "(c) . . . [a]n agreement of the parties to seal or limit the disclosure of documents on file with the court or filed in connection with a court proceeding shall not constitute a sufficient basis for the issuance of such an order. . . ." The rule further provides that a motion to seal "shall be calendared so that notice to the public is given of the time and place of the hearing on the motion and to afford the public an opportunity to be heard on the motion under consideration." Practice Book § 11-20A (e).

alleging in the operative complaint that the decedent's death, which occurred while in the custody of the DOC, was caused by the excessive force to which he was subjected by, and the deliberate indifference of, certain correctional officers and nurses. On October 21, 2019, the parties filed a joint motion for a protective order with regard to the use of any DOC video recordings during the litigation, which they averred was necessary for the preservation of safety and security. In the motion, the parties requested an order limiting disclosure of such videos to counsel of record for the parties, as well as their staff, experts and investigators, the court, court reporters, and witnesses at deposition or trial. They also requested that the order provide that, before submitting to the court any video recordings subject to the protective order, the parties must jointly request that they be filed under seal. On November 13, 2019, the court, *Noble, J.*, granted the motion for a protective order.

On March 5, 2024, the defendants filed a motion for summary judgment, along with a supporting memorandum, to which they attached as an exhibit a video recording of the events culminating in the decedent's death. The defendants did not request that the video recording be filed under seal. On September 27, 2024, the ACLU requested a copy of the video recording, but the court, *Morgan, J.*, denied the request on the ground that it was subject to the protective order.

On October 4, 2024, the plaintiffs filed a motion seeking "an order declaring that the video showing the death of [the decedent] is now accessible to the public and press because the defendants submitted that video as [an exhibit] in [support of] their motion for summary judgment." It does not appear that the court acted on the plaintiffs' motion. The plaintiffs later filed another motion seeking the same relief, but that motion also was not adjudicated.

On October 7, 2024, the ACLU filed with this court a petition for expedited review of the trial court's denial of its request for a copy of the video recording. This court granted the petition for review, in part, and vacated the trial court's denial of the ACLU's request for a copy of the video recording and remanded the matter to the trial court with direction to promptly conduct a properly noticed public hearing in compliance with Practice Book § 11-20A on the issue of whether the video recording should be sealed or its disclosure limited in whole or in part. This court further ordered that the video recording remain inaccessible to the public pending the trial court's resolution of the proceeding on the sealing question.

On October 31, 2024, the ACLU filed a motion to intervene for the limited purpose of contesting any limitation on the disclosure of the video recording in order to advocate for "its—and the public's—right of access to the video." The ACLU asserted in its motion that it met the standards for both permissive and as of right intervention. The ACLU argued, inter alia, that it "has a direct and substantial interest in being added as a party for the limited purpose of litigating public access to [the video recording], which interest would be extinguished by an unfavorable ruling." It argued that, "absent [its] participation, there very well may be no advocate for public access to [the video recording]." The court indicated that it would consider the ACLU's motion to intervene, if necessary, after the Practice Book § 11-20A sealing hearing.

On December 20, 2024, the court commenced the Practice Book § 11-20A sealing hearing. Counsel for the defendants argued in support of sealing the video recording and counsel for the plaintiffs opposed sealing the recording. Counsel for the ACLU asked the court to grant its motion to intervene, stating that he sought

the right to present evidence and cross-examine witnesses. The court reiterated that it would not rule on the motion to intervene at that time. At the hearing, issues regarding certain motions to quash subpoenas were raised by the parties, making it clear that the hearing could not conclude on that date. Counsel for the ACLU therefore asked to be heard when the court reconvened on the next hearing date. At the hearing, three other members of the public were heard in opposition to the sealing of the video recording at issue.

On January 13, 2025, the court, *Baio, J.*, denied the ACLU's motion to intervene, finding that the ACLU failed to meet the legal requirements necessary for intervention and stating further that the ACLU already has the opportunity to be heard by way of the sealing proceeding being held before it pursuant to Practice Book § 11-20A.[3] The ACLU thereafter filed this appeal challenging the court's denial of its motion to intervene.[4]

"Unless a specific right to appeal otherwise has been provided by statute, we must always determine the

[3] The ACLU filed a motion for articulation of the court's denial of its motion to intervene, which the court denied.

[4] While this appeal was pending, the sealing hearing resumed on August 22, 2025. At that hearing, counsel for the ACLU presented oral argument in opposition to sealing the video recording. Attorney Alexander Taubes also presented oral argument, on behalf of the CT Examiner, LLC, in opposition to sealing the video recording. In addition, the court heard from several other members of the public, including the plaintiffs.

On October 16, 2025, the court issued a memorandum of decision wherein it determined that "the majority of the [video] recording cannot be sealed." The court ordered the defendants to prepare a revised video recording with specific limited redactions, furnish a copy of that revised video recording to counsel for the plaintiffs for review and, provided there are no objections, to file it with the court.

The ACLU subsequently sought leave to brief the issue of whether the trial court's decision rendered this appeal moot. Because we dismiss this appeal for lack of a final judgment, we need not address the additional jurisdictional query of what practical relief, if any, may be afforded to the ACLU now that the court has ordered that a majority of the video recording will not be sealed.

threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim. . . . The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [over which we exercise plenary review]. . . . Specifically, with regard to motions to intervene, an unsuccessful applicant for intervention in the trial court does not have a final judgment from which to appeal unless [it] can make a colorable claim to intervention as a matter of right. If [it] does make such a colorable claim, on appeal the court has jurisdiction to adjudicate both [its] claim to intervention as a matter of right and to permissive intervention. . . . When prospective intervenors have not made a colorable claim to intervene as a matter of right, there is no right to interlocutory review of the order denying their motion to intervene." (Citations omitted; internal quotation marks omitted.). *In re Santiago G.*, 325 Conn. 221, 228, 157 A.3d 60 (2017).

There is a "two part framework by which we consider interlocutory appeals from a trial court's decision to deny a motion to intervene. The first part of the inquiry focuses on whether the court's judgment as to the motion to intervene was a final judgment for purposes of appeal. The right of appeal is purely statutory. It is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. . . . The statutory right to appeal is limited to appeals by aggrieved parties from final judgments. . . . Because our jurisdiction over appeals, both criminal and civil, is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim. . . . An otherwise interlocutory order is appealable in two circumstances: (1) [when] the order or action terminates a separate and distinct proceeding,

or (2) [when] the order or action so concludes the rights of the parties that further proceedings cannot affect them. . . . Unless an order can satisfy one of these two prongs, the lack of a final judgment is a jurisdictional defect that [necessitates] . . . dismissal of the appeal. . . . For purposes of the appeal from a court's interlocutory ruling on a motion to intervene, only the second prong of the . . . test is implicated." (Citations omitted; footnote omitted; internal quotation marks omitted.) Id., 228–30.

"[A]n unsuccessful applicant for intervention in the trial court does not have a final judgment from which to appeal unless [it] can make a colorable claim to intervention as a matter of right. If [it] does make such a colorable claim, on appeal the court has jurisdiction to adjudicate both [its] claim to intervention as a matter of right and to permissive intervention. . . . Accordingly, the dispositive inquiry into whether the denial of a motion to intervene is an appealable, final judgment is whether the intervenor can make a colorable claim to intervention as a matter of right." (Internal quotation marks omitted.) Id., 230–31.

"A colorable claim is one that is superficially well founded but that may ultimately be deemed invalid . . . . For a claim to be colorable, the [proposed intervenor] need not convince the trial court that [it] necessarily will prevail; [it] must demonstrate simply that [it] might prevail. . . . In order for a proposed intervenor to establish that it is entitled to intervene as a matter of right, the proposed intervenor must satisfy a well established four element conjunctive test: [t]he motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation. . . .

"For purposes of judging the satisfaction of [the] conditions [for intervention] we look to the pleadings, that is, to the motion for leave to intervene and to the proposed complaint or defense in intervention, and . . . we accept the allegations in those pleadings as true. . . . [N]either testimony nor other evidence is required to justify intervention, and [a] proposed intervenor must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of [its] right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor has a direct and immediate interest that will be affected by the judgment. . . .

"[T]he four factors of the intervention as of right test are viewed in a slightly different lens when determining the jurisdictional issue of whether the proposed intervenor has made a colorable claim to intervene as of right. . . . Consistent with the well established rule that every presumption is to be indulged in favor of jurisdiction, and the judicial policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court . . . our examination of whether a colorable claim exists focuses on the plausibility of the appellant's challenge to the denial of the motion to intervene when the pleadings and motion are viewed in light of the relevant legal principles." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id., 231–33. "Failure to meet any one of the four elements, however, will preclude intervention as of right." *BNY Western Trust* v. *Roman*, 295 Conn. 194, 206, 990 A.2d 853 (2010).

In the present case, the ACLU failed to identify in its motion to intervene a direct and substantial interest in the disclosure of the video recording that is different from the interest of any member of the general public.

Indeed, in support of its motion to intervene, it represented that its intervention was necessary to advocate for public access to the video recording. On appeal, the ACLU further contends that its "interests in intervening here . . . go beyond the general public's interest in open courts because they have ripened into justiciable legal injuries on which it seeks a ruling." The ACLU argues that it "has a specific, personal and legal interest in the issue of whether the [video recording] may be lawfully sealed, as opposed to a general interest that all members of the community share, because it has asked for a copy of the record and been denied." This argument is misplaced in that the ACLU did not attain a direct and substantial interest in the subject matter of this case simply because it sought and was denied access to the video recording.[5] By that logic, anyone who sought and was denied access to the video recording would share that same purported interest and therefore meet the direct and substantial interest prong of the intervention as of right requirements. We decline to adopt that circular argument. In its motion to intervene, the ACLU argued that its intervention was necessary to "vindicate its presumptive right to access" to the video recording. That right is shared by every member of the public.

Although we are mindful that in order to invoke this court's jurisdiction a proposed intervenor is required

---

[5] The ACLU relies heavily on this court's decision in *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 60 Conn. App. 134, 758 A.2d 916 (2000). In *Rosado*, this court considered an appeal from the denial of the motion of seven priests to intervene in an action brought by the plaintiffs against the Bridgeport Roman Catholic Diocesan Corporation (Diocese) and others for damages for alleged sexual abuse by a priest when he was assigned to various churches within the Diocese. Id., 135. This court held that the priests were entitled to intervene as of right for the purpose of contesting the disclosure of their private and confidential personnel files on the ground, inter alia, that those priests had a direct and personal interest in arguing to protect the release of those files. Id., 148. By contrast, the ACLU in this case has not identified any direct and substantial interest that differs from the interest of a member of the public.

only to establish a colorable claim that it is entitled to intervention as of right and not prove that it is so entitled, the ACLU has failed to identify an entitlement to intervention as of right that is superficially well founded, let alone such a claim upon which it might prevail.[6] Because the ACLU has failed to make a colorable claim of intervention as of right, the trial court's denial of its motion to intervene is not a final judgment for purposes of this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[6] Moreover, as the court aptly noted, Practice Book § 11-20A affords all members of the public the opportunity to be heard when the sealing of a filing is considered by the court. Indeed, several members of the public, including counsel for the ACLU, presented their positions to the court at the sealing hearing.